No. 27,026.

MACEDONIA OROZCO, *Appellee*, v. THE CENTRAL COAL AND COKE
COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Report of Arbitrator—Sufficiency of Evidence.* Under the workmen's compensation law, an order approving the report of an arbitrator will not be reversed when there was evidence to support the report.

2. SAME—*Allowance for Medical Services—Evidence.* Under section 44-510 of the Revised Statutes, the allowance of compensation for medical services, etc., must be based on evidence.

3. SAME — *Award of Arbitrator — Modification.* Under the circumstances disclosed in the opinion, it was not error to deny the motion to modify the award of the arbitrator.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed October 9, 1926. Modified.

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson*, all of Pittsburg, for the appellant.

*Phil Callery, J. E. Callery, Caroline A. Lowe* and *R. L. Robertson*, all of Pittsburg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment under the workmen's compensation law on the award of an arbitrator. The defendant afterward moved to modify or cancel the award. The motion was denied. The defendant appeals from the award of the arbitrator, from the order approving and adopting the award, and from the order denying the motion to modify or cancel the award.

On January 2, 1925, the plaintiff was accidentally injured while working in a coal mine operated by the defendant. An arbitrator was thereafter appointed. He heard evidence and reported to the court in part as follows:

"6. That the injury sustained by the plaintiff, Macedonia Orozco, was and is a hernia on the right side and being an inguinal hernia; also an injury to the muscles of his back in the region of the right hip. That the injuries so sustained by this plaintiff are total in character or nature and are temporary in quality or period of existence.

"7. That the total temporary disability of the plaintiff, Macedonia Orozco, has not terminated.

Workmen's Compensation Acts, C. J. pp. 100 n. 76, 110 n. 22, 132 n. 76; L. R. A. 1916A, 178, 262; 7 A. L. R. 550; 28 R. C. L. 823.

Orozco v. Central Coal & Coke Co.

"8. That for a period of ten months during the year next preceding the injury to this plaintiff the earnings of said plaintiff, Macedonia Orozco, amounted to the sum of one thousand three hundred and ten dollars and eighty-two cents ($1,310.82).

"11. That this defendant has not furnished the plaintiff, Macedonia Orozco, with any medical attention or service nor with any hospital attention. That this plaintiff has required and has had medical service and attention, but that the same has been had as a result of his own initiative.

"12. That the medical service and attention that this plaintiff has had rendered in and on his behalf has not been paid for by this defendant, but that the obligation was met on the part of this plaintiff personally.

"13. That this plaintiff, Macedonia Orozco, is allowed compensation for a disability that is total in character and temporary in quality; and that this plaintiff shall be and is entitled to and is awarded the sum of fifteen dollars ($15) per week for such total disability, the time for the running of which compensation is hereinafter set out."

The plaintiff was awarded $150 for medical services, $705 in a lump sum for total disability from the time of the injury until December 4, 1925, $15 a week for that period of time and $15 a week from December 4, 1925, to January 21, 1927.

The motion for review and modification of the award alleged that "because the arbitrator found that the disability of the plaintiff was temporary in quality and based the award for total disability at the rate of $15 per week from December 4, 1925, to January 21, 1927, on guesswork and without the support of any evidence and, second, because there was no evidence whatever to support the finding of $150 for medical services."

1. The defendant contends that the award was excessive "because the arbitrator found that the disability of the plaintiff was temporary in quality and based the award for total disability at the rate of $15 per week from December 4, 1925, to January 21, 1927, on guesswork and without the support of any evidence." The correctness of this contention depends on the sufficiency of the evidence to support the findings of the arbitrator and the consequent judgment of the court. There was conflicting testimony concerning the injury to the plaintiff and the extent of that injury. The findings of the arbitrator are a brief summary of what the evidence of the plaintiff tended to prove, and it is not necessary to make another summary of the evidence to state the same things. This contention of the defendant cannot be sustained.

2. Another contention of the defendant is that the award of the arbitrator was excessive "because there was no evidence whatever

to support the finding of $150 for medical services." Section 44–510 of the Revised Statutes, in part reads:

· "On demand, the employer shall pay the cost, not exceeding $150, of a physician and all such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus as may be reasonably necessary for a period of not longer than fifty days, to cure and relieve. from the effects of the injury, and in case of the refusal or neglect of the employer to seasonably do so, the employer shall be liable for the reasonable expenses incurred by or on behalf of the employee in providing the same within the limits as to time and amount hereinbefore expressed: *Provided,* That no employer shall be liable for any medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus, nor for any physician's or surgeon's fees in excess of the amount hereinbefore set forth."

The statute contemplates that what is reasonable compensation for the medical treatment received shall be shown by evidence. In the present case, the extent of medical treatment was shown, but no evidence is abstracted to show the amount paid or contracted to be paid for those services or what would be reasonable compensation therefor. However, the plaintiff says that "through an oversight, appellee neglected to bring out in the testimony at the time of the trial, the exact amount of this bill for the first fifty days, and in order that there may be no further cause for dispute, appellee informs this court that this bill is $61, and has not yet been paid to Doctor Lightfoot. This amount does not take into consideration the drug bill for liniments and medicine which appellee has no means of computing at this late day."

3. The defendant contends that the court "abused his discretion in not reducing or canceling the award." The hearing before the arbitrator was concluded on October 1, 1925. His report was filed in the district court on December 9, 1925. The motion to review the award was filed on January 7, 1926. The report of the arbitrator and the motion to modify the award were heard by the court on January 29, 1926. The evidence before the arbitrator as well as the evidence on the motion were considered by the court; and, on that evidence, the court approved the report of the arbitrator and denied the motion to modify the award. The evidence was of such a nature as justified the court in holding that there had been no change in the physical condition of the plaintiff. It was not error for the court to deny the motion to modify the award of the arbitrator.

That part of the judgment awarding compensation to the plaintiff for disability he sustained by the accident is affirmed. That part of

the judgment awarding $150 as compensation for medical services rendered to the plaintiff is modified by reducing the $150 to $61 if both the plaintiff and the defendant agree to that amount. If either party fails to agree to that amount as compensation for medical services rendered to the plaintiff, the trial court is directed to ascertain from evidence the reasonable amount of compensation to be paid for such services not exceeding $150, and render judgment for the amount thus ascertained.