No. 24,225.

JOE BIDNICK, *Appellee*, v. ARMOUR & COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Personal Injuries—Release—Mutual Mistake—Inadequate Consideration*. Where a workman for a packing company, while engaged in the performance of his duties, lifted a 600-pound barrel, sustained a hernia, was treated and operated upon by the company's surgeon, and where a "milk-leg" developed two weeks after the operation while the workman was still in the hospital, and where a release relieving the company of all liability was executed for a grossly inadequate consideration, both parties believing the injury temporary, and where it was afterwards found that the workman would be partially incapacitated for a long period of time, *held,* that a judgment supported by findings of the jury that the release was executed by mutual mistake and for a grossly inadequate consideration will not be reversed.

2. SAME—*Proximate Cause of Plaintiff's Injuries*. Under the circumstances outlined in the foregoing paragraph it is held that, although the plaintiff's incapacity was immediately due to the "milk-leg," yet that malady was directly traceable to the hernia sustained in defendant's service and to the consequent results of the necessary treatment to cure the hernia; and the plaintiff's resultant incapacity entitled him to compensation.

3. SAME—*Sufficient Petition*. The petition examined, and found to have been sufficient, on objection to the introduction of evidence, no motion or demurrer having been filed raising the question of its sufficiency.

4. SAME—*Findings Sustained by Evidence*. The evidence examined, and held sufficient to sustain findings of the jury on the question of mutual mistake and gross inadequacy of consideration.

5. SAME—*Instructions*. The instructions examined, and found not to have been prejudicial to the rights of the defendant.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINS, judge. Opinion filed April 7, 1923. Affirmed.

*P. W. Croker, George H. West, William G. Holt,* and *H. J. Emerson,* all of Kansas City, for the appellant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Defendant appeals from a judgment of $2,430 awarded plaintiff under the workmen's compensation law, for damages resulting from an injury while in defendant's employ. Plaintiff had worked for defendant many· years. On June 24, 1919, while

attempting to lift or overturn a barrel weighing 600 pounds, he suffered a hernia. He was treated by defendant's surgeon and later sent by defendant to a hospital, where he was operated on by Doctor Johnson, defendant's chief surgeon. While in the hospital, and about two weeks after the operation, his leg swelled to about an inch larger in circumference than its natural size, due to the damming back of the blood by a thrombosis or blood clot in the saphenous vein of the left leg. This condition, in common parlance, is known as a "milk-leg." Plaintiff was in the hospital several weeks. Ten weeks after the operation, having returned to the company, he executed a release which furnishes the principal ground for controversy in this case. The release was executed on October 4, 1919, recited the receipt of $17.50 "making in all, with the weekly payments heretofore received, the sum of $137.50, which sum of money I accept in full satisfaction of all claims, rights of action, etc." It was signed by the plaintiff, as was also a statement to the effect that, in accepting the money, no reliance was placed on any statement made by defendants, its doctors, or any person connected with it.

The defendant complains that plaintiff's petition was insufficient; that there was no testimony that plaintiff's "milk-leg" was the result of injury arising out of his employment; that the consideration of the release was not grossly inadequate; that plaintiff failed to prove mutual mistake; and that erroneous instructions were given.

1. The petition contained the general allegations substantially as pleaded in cases of this kind. It alleged "that the plaintiff was employed by defendant . . . working . . . on large barrels . . . and while working . . . sustained serious and permanent personal injuries by accident arising out of and in the course of his employment . . . while lifting and handling some heavy barrels, sustained a hernia necessitating a serious operation . . . which was performed by Dr. E. W. Johnson, the defendant's regularly employed physician and surgeon; that plaintiff also sustained a *phlegmasia alba dolens* in his left leg, commonly known as a 'milk-leg,' that, as a result of said injuries . . . plaintiff was totally incapacitated from performing work and labor for a period of ten weeks," etc.

While the petition might properly have been more definite and certain in some of its allegations, and perhaps the trial court would have so required had defendant filed a motion or demurrer against

it, we think it was sufficient as against an objection to the intro-
duction of testimony.

2. Defendant contends that, if plaintiff sustained any injury in
the course of his employment, it was the hernia, that the hernia
was cured by the treatment and operation; that the "milk-leg" was
caused entirely by the operation for hernia; that, therefore, the
"milk-leg" was not an accident arising in the course of plaintiff's
employment; and that plaintiff cannot recover. The defendant re-
lies on the case of *Ruth v. Witherspoon-Englar Co.*, 98 Kan. 179,
157 Pac. 437. In that case, however, it was said:

"The evidence shows that the permanent character of his (plaintiff's) in-
capacity is actually the result, not of the injury received while working for
the defendant, but of improper surgical treatment." (p. 180.)

In this case there is no claim that the "milk-leg" was caused by
improper surgical treatment or malpractice. The injury itself is
the basis of complaint. While a reasonable conclusion from the
evidence was that the lifting of the heavy barrel caused the hernia,
that the hernia necessitated the operation, as a result of which one
of the veins of plaintiff's leg was dammed or the flow of blood ma-
terially restricted, there was evidence "that the milk-leg could be
caused by an injury." In either case the original injury was the
contributing cause, if not the direct cause of plaintiff's condition.
From the 600-pound barrel through the various stages to the "milk-
leg," each step was the natural inducement of the next. The re-
sult was plaintiff's condition, from which he will be partially in-
capacitated, perhaps for life.

3. On the proposition of the inadequacy of the settlement and
mutual mistake, these questions were asked and answers returned
by the jury:

"1. Was there a mutual mistake of fact on the part of both the plaintiff
and defendant at the time of signing the release in question in this case as to
whether the plaintiff has substantially recovered from his injuries or any com-
plication growing out of them as one of the natural and probable results
thereof? Answer. Yes.

"2. Was the consideration for said release grossly inadequate? Answer.
Yes.

"3. If you answer question 1, 'yes,' did said mutual mistake of fact induce
the parties to enter into the aforesaid release? Answer. Yes."

It would serve no good purpose to detail the evidence here. It
was sufficient to support the findings of the jury and they will not be
disturbed.

4. Defendant complains of an instruction to the effect that it was admitted by the defendant that plaintiff was injured while in its employ by reason of an accident arising out of and in course of his employment. The criticism would have had much more weight had the case been submitted to the jury for a general verdict. Special questions only were submitted to the jury. The instruction complained of cannot be said to have misled the jury in answering the questions submitted. The plaintiff contends that the undisputed evidence and admissions of counsel were sufficient in any event to justify the instructions. Under all the circumstances we cannot see that defendant was prejudiced.

Tested by the rules laid down in numerous decisions of this court, *Smith v. Kansas City*, 102 Kan. 518, 171 Pac. 9; *Miller v. Gas & Fuel Co.*, 108 Kan. 124, 193 Pac. 896; *Crawn v. Packing Co.*, 111 Kan. 573, 207 Pac. 793; *Parrott v. Railway Co.*, 111 Kan. 375, 207 Pac. 777; *McCroskey v. Manufacturing Co.*, 112 Kan. 434, 211 Pac. 133; *Rider v. Railway Co.*, 112 Kan. 765, 212 Pac. 678, the allegations of the pleadings and testimony were ample to sustain the judgment. It is therefore affirmed.