No. ——

First Circuit

BEESON v. SAYERS

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant—**
   **Par. 154.**

Act 85 of 1926, amending Act 20 of 1914, the Workmen's Compensation Act, makes no distinction between single and double hernia, and, therefore, the courts cannot make this distinction.

2. **Louisiana Digest—Master and Servant—**
   **Par. 154, 159, 159 (a).**

Under Act 85 of 1926, amending Act 20 of 1914, the Workmen's Compensation Act, an injured employee suffering from total disability due to double hernia cannot recover as for total disability under the act but must recover under the provisions covering hernia.

3. **Louisiana Digest—Master and Servant—**
   **Par. 159.**

Under Act 20 of 1914, the Workmen's Compensation Act, as amended by Act 85 of 1926, where an injured employee, suffering from hernia, refuses an operation and a truss or other appliances found necessary, he is entitled to compensation at the rate of sixty-five per cent of his daily wages for a period of twenty-six weeks.

Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by Willie Beeson against O. B. Sayers.

There was judgment for plaintiff in part and plaintiff appealed.

Judgment affirmed.

Fern M. Wood, of Leesville, attorney for plaintiff, appellant.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellee.

LECHE, J. Plaintiff sues for compensation for hernia. The undisputed facts are that plaintiff was injured while employed by defendant, during the course of, and as an incident to his employment. The injury brought on hernia and the sole issue in the case is the amount of compensation and the term or duration of the compensation.

The Legislature, by Act 85, p. 115, of the Acts of 1926, enacted special provisions on the subject of compensation for hernia and the question to be decided involves the proper interpretation of that statute.

The statute says: "Hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, compensation will be allowed. All other cases will be considered as of slow development, being a disease rather than an accidental injury: * * *." This language makes it clear that only traumatic hernia, or hernia resulting from the application of force to the abdominal wall, furnishes legal cause for compensation under the Employers' Liability Act.

Plaintiff is suffering from traumatic hernia and, under the undisputed facts of the case, is, therefore, undoubtedly entitled to compensation. He contends, however, that he has a double hernia and, for that reason, urges that he is entitled to compensation regardless of the subsequent provisions of the statute on the subject of hernia, because he is suffering from total disability. The law as quoted defines hernia and the causes thereof which

entitled the injured employee to compensation, and it makes no distinction between single or double hernia. Where the law makes no distinction, neither should the court make any distinction. "Ubi lex non distinguit, nec nos distinguere debemus," is a well-recognized maxim of jurisprudence. To hold otherwise would be judicial legislation.

The next provision· of the statute says: "In the case of hernia, as above defined, the provisions of Clause A and Subdivision 5 of Section 8, Paragraph 1, shall apply, until such time as the employee is able to resume some kind of work with the aid of a truss or other mechanical appliance." We cannot find "the provisions of Clause A" nor "Subdivision 5 of Section 8, Paragraph 1." There are no such provisions in the statute and this language is therefore unintelligible. But, continuing further, the statute provides: "If the employee refuses to permit an operation, the employer shall meet the requirements above specified, pay reasonable cost of the truss or other appliance found necessary, and also pay compensation for twenty-six weeks after the accident * * *."

In the present case the employee refused to be operated upon and he also refused the tender of a truss from defendant. Under these conditions, the language of the statute is clear that the period of compensation is fixed at twenty-six weeks. The rate of compensation, however, is not so easy to determine. The trial judge found that plaintiff was entitled to compensation at 65 per cent of his daily wage of $2.75 for twenty-six weeks. The rate of compensation under the Section (8 of the Act) which contains the provisions relating to hernia is mostly fixed at 65 per cent, and we therefore cannot say that the judge erred in adopting that rate.

Finding no error in the judgment forming the subject of this appeal, it should be affirmed at the cost of plaintiff and appellant, and it is so ordered.