No. 34,048

WILLIAM BLYTHE, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(83 P. 2d 678)

Opinion filed November 5, 1938.

*Lester M. Goodell,* assistant attorney general, *Joseph W. Menzie,* of Manhattan, and *Woodrow B. Morris,* of Oxford, for the appellant.

*James V. Humphrey* and *Arthur S. Humphrey,* both of Junction City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is taken by the respondent in a workmen's compensation case from a judgment of the district court in favor of the claimant affirming the award made by the compensation commissioner. It is purely a question of law, the case having been heard and tried upon a stipulation of facts.

The appellant contends that compensation in this case is limited to the amount allowed under the schedule set out in G. S. 1935, 44-510 (3) (c) (3) and (19). The injury sustained by the employee, as stated in the stipulation, was as follows:

"That claimant's injury and disability were a contusion of the distal joint of the second finger of the left hand which necessitated a surgical opening and removal of splintered bone material."

G. S. 1935, 44-511, gives the rules for compensation, but in this case those matters are covered by the stipulation. Subsection (3) under subsection (c) of G. S. 1935, 44-510, relates to the injured member of the body in this case, and is as follows: "For the loss of a second finger, 60 percent of the average weekly wages during 30 weeks."

Subsection (19) in the same connection provides, among other things, as follows:

". . . but in no event shall the compensation payable hereunder for such

partial loss exceed the compensation payable under the schedule for the total loss of such finger, . . . exclusive of the healing period."

Subsection (c) begins as follows in outlining the kind of disabilities belonging thereunder: "Where disability, partial in character but permanent in quality, results from the injury . . ."

Under these provisions it is urged by the respondent that this is a scheduled injury and limited to payments for thirty weeks. There being no disagreement as to the amount of compensation per week, the respondent has paid the stipulated amount per week for thirty weeks, less three weeks and two days, during which time the claimant worked and received regular wages from the respondent, and the respondent also paid the medical and hospital expenses. The respondent therefore insists that it has fully complied with all the requirements of the statute for a scheduled injury.

The claimant urges that under the statute and the stipulation this is not a scheduled injury and therefore the thirty-week limitation does not apply and that the stipulated disability is not under subsection (c) for a scheduled injury, but is under subsection (b).

The stipulation shows the injury to the second finger of the left hand to have occurred on December 19, 1936, which injury seemed to necessitate a surgical opening and removal of splintered bone material, that such condition did not completely heal until November 15, 1937, that during said time there were three weeks and two days when the claimant was employed at full wages by the respondent and was not disabled from work. It was further stipulated that—

". . . there being a net total period of forty-four weeks of total temporary disability caused by said injury to the second finger of the left hand; that there is not now and has not been since the 15th day of November, any disability of any nature and that there is no permanent disability whatsoever as the result of the accident suffered by claimant on the 19th day of December, 1936."

The award of the commissioner and the judgment of the district court recognized the right of the claimant to recover compensation for forty-four weeks, less the deduction above mentioned, instead of thirty weeks, leaving the claimant entitled to an award and judgment of $150.59.

Subsection (b) applies "Where temporary total disability results from the injury," and it proceeds to state what allowance shall be made "during such temporary total disability," which shall not extend over a longer period than 415 weeks from the date of the acci-

dent. The distinction between disability under this subsection, where it must be "temporary total disability," and that under subsection (c) where it must be "partial in character but permanent in quality," is readily observed. In other words, the disability under (b) is "temporary total," and under (c) it is "partial" and "permanent."

The stipulation, as above stated, shows that the disability in this case was a temporary total disability, and that there was no permanent disability whatsoever. Does not this stipulation, accepted by the commissioner and the district court, compel a conclusion, as reached by both the commissioner and the district court, that the claim and rights of the injured party were under subsection (b) and not under subsection (c)? They could not hold the disability was permanent when the stipulation said it was not. The scheduled injuries apply where the disability is permanent, and not where it is temporary only.

Appellant cites, in support of its contention, that subsection (c) applies to the facts here stipulated, making this a scheduled injury and limiting the time for recovery of compensation, the case of *Hering v. San Ore Construction Co.*, 130 Kan. 70, 285 Pac. 592, where the disability was found to be both temporary total and permanent partial, so that the case would come, as the opinion indicates, under both subsections (b) and (c) of the statute, and the court stated in the opinion: "We regard those sections as being applicable to an injury received at some place on the body other than to one of the members set out in the schedule." (p. 76.) In that case both the foot and leg were injured and compensation was considered for both along the line of both temporary and permanent injuries. It was further stated in the opinion that a temporary partial disability may sometimes be followed by a permanent loss or disability. We cannot very well apply the ruling in this case to the case at bar, where it was specifically stipulated there was no permanent disability whatsoever.

The cases of *Orendoc v. Kaw Steel Construction Co.*, 131 Kan. 366, 291 Pac. 952, and *Gallagher v. Menges & Mange Const. Co.*, 146 Kan. 506, 72 P. 2d 79, are also cited by appellant in this connection, but they are both where the workman suffered a temporary total disability which was followed by a permanent partial disability, and they were held to be under scheduled injuries.

The case of *Paul v. Skelly Oil Co.*, 134 Kan. 636, 7 P. 2d 73, is also

cited in this connection, but it was a permanent partial loss of the use of the leg, and under our stipulation in this case we have no facts justifying a ruling along the line of permanent disability.

Appellant argues that under the ruling made in this case one may receive more for a temporary total disability than for a permanent loss, and applying the reasoning to the second finger of the left hand more than if it had been amputated. While this may seem unreasonable, yet the loss sustained by amputation with reasonable healing time is more nearly certain than temporary total disability. In the first compensation act in this state there was no list of scheduled injuries. The later amendment placed limits upon certain permanent disabilities.

Attention is called to the use of both temporary and permanent partial disability not covered by the schedule in subsection (22) and how the computation shall be made in such cases, but, as stated before, that cannot apply where there is no permanent disability. It can be very properly stated that the purpose of the compensation law is not to pay the workman for the injury, but to compensate him in a way for his loss of earning power.

Similar contentions were made in *Pegg v. Postal Telegraph-Cable Co.*, 129 Kan. 413, 283 Pac. 58, and *Justice v. A. C. Flour Mills Co.*, 147 Kan. 402, 76 P. 2d 802, as to the application of one or both of these to subsections (*b*) and (*c*), and it was said in both cases that it entirely depended upon the facts as to the disability under consideration being "temporary total" or "permanent." There can be no question in the case at bar on that point.

We find no error in the judgment rendered by the district court.

The judgment is affirmed.