No. 36,143

George R. Rogers, *Appellee*, v. Board of Public Utilities of Kansas City, Self-insurer, Appellant.

(149 P. 2d 632)

Opinion filed June 10, 1944.

*William Drennan*, of Kansas City, argued the cause, and *Otto Ziegelmeyer* and *Charles W. Lowder*, both of Kansas City, were on the briefs for the appellant.

*Joseph Cohen*, of Kansas City, argued the cause, and *David H. Bresler*, of Kansas City, Mo., was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is a workmen's compensation case. The claimant recovered in the proceeding before the compensation commissioner and in the district court. The respondent appeals.

So far as it affects appellate review no dispute exists as to the facts. The respondent operates the electric power, light, and water system in Kansas City, Kan., and is subject to the workmen's compensation laws of the state of Kansas. The claimant, a man 64 years of age, worked for it as a steam locomotive crane operator for almost a quarter of a century and was a trustworthy and valued employee. On February 19, 1943, while engaged in the performance of his duties he suffered an accidental injury resulting in a double

hernia—a direct inguinal hernia on the right side and a direct hernia on the left side. For twelve years preceding its occurrence he had been suffering from and taking treatments for diabetes. Twenty-two years before its happening a physician had performed a left side herniotomy on claimant and eight years prior thereto he had undergone a similar operation.

There was medical testimony to the effect claimant could not be successfully operated upon because of his diabetic condition and that in the plight he was in when examined he was totally disabled from performing manual labor. In addition, one expert testified that aside from the diabetic complication an operation, if performed, would not be successful for the reason it would not hold and the hernia would come back notwithstanding.

No evidence is to be found in the record claimant suffered any other injuries as a result of the accident or that his diabetic condition was in any way affected or aggravated by those he did receive. Nor does the record disclose any evidence, either direct or inferential, that his status so far as ability to perform manual labor was concerned would improve or change without an operation.

Based upon the evidence just summarized, the compensation commissioner made the following finding and a corresponding award:

"It is found from the evidence that the claimant herein as a result of the accidental injury of February 19, 1943, has been, is now and will be temporarily totally disabled for an indefinite period in the future and that he is, therefore, entitled to compensation for not to exceed four hundred fifteen (415) weeks, payable at the rate of eighteen ($18) dollars per week. Compensation now due and owing for thirty-two (32) weeks from February 26, 1943, one week after the accidental injury, to October 8, 1943, or five hundred seventy-six ($576) dollars should be paid in one lump sum. The balance of the compensation awarded this claimant should be paid at the rate of eighteen ($18) dollars per week until fully paid, or until the further order of the Commissioner."

In explanation of his award, which was in writing, the commissioner among other things stated:

"The respondent company contends that claimant has a scheduled injury of hernia for which it is willing to pay the statutory amount of compensation. The claimant contends that by reason of the double hearnia he is not [sic] temporarily totally disabled for an indefinite period and will continue to be in such condition by reason of the fact that his preëxisting condition of diabetes prevents a successful operation being performed. . . . It is true that a hernia is an injury set out in the schedule, but it cannot be applied as affecting a body member. A hernia occurs in the body itself and not to one of the body members. In this respect a hernia injury is different than the rest of

the scheduled members. In the opinion of this Commissioner the age of this man, his diabetic condition, his lack of education, and his two hernias, do render him totally disabled as far as the performance of work and labor as contemplated by the workmen's compensation law is concerned. His condition in the opinion of this Commissioner, is covered by the statute previously quoted at the beginning of this award [G. S. 1935, 44-510; 3(b)]. He is now temporarily totally disabled by reason of a scheduled injury, as well as the preëxisting condition of diabetes, and his temporary total disability will last for an indefinite and uncertain period of not more than four hundred fifteen weeks, and it is so found. In connection with this opinion see the case of *Texas Employers Insurance Association v. Howell*, 37 S. W. 2d 343."

On appeal the district court affirmed the award made by the commissioner but based its affirmance upon the following grounds, which as they appear in the journal entry of judgment are:

"That claimant's disability, being temporary and total, is not such a disability as is covered by the schedule provided for hernia in the Workmen's Compensation Act.

"That the schedule provided in the Workmen's Compensation Act covers only a single traumatic hernia and does not cover double traumatic hernias of the character and kind which this court finds to exist in the claimant."

Appellant's specification of errors, while predicated on several grounds, really raises but one material issue. Briefly stated, its position is that the allowance to the appellee by the commissioner and the district court of "temporary total disability for a period not to exceed 415 weeks" is contrary to the provisions of the Workmen's Compensation Act. In fact, in the final paragraph of its brief it frankly states:

"We believe the judgment of the court should be that the appellee is entitled to compensation for his scheduled injuries, two hernias, and any benefits under Par. 1 of G. S. 1943 Supp. 44-510, to which he may be entitled, and that the judgment of the District Court should be reversed."

We therefore limit our consideration to the question of whether the act, giving full weight to the evidence, permits the award made by the commissioner and the trial court.

The section of the statute providing for compensation is G. S. 1943 Supp. 44-510. That portion of the section on which the award was made, and regarded by appellee as applicable, is subdivision 3(b). It reads:

"Where temporary total disability results from the injury no compensation shall be paid during the first week of disability, except that provided in paragraph 1 of this section, but after the expiration of said first week payment shall be made in accordance with the provisions of this act, during such temporary total disability of a sum equal to sixty percent of the average weekly

earnings of the injured workman, computed as provided in section 44-511 of the General Statutes of 1935, but in no case less than six dollars per week nor more than eighteen dollars per week: *Provided,* That where such temporary total disability is followed by temporary partial disability, the compensation shall be sixty percent of the difference between his average weekly wages before the accident and the average weekly wages he is earning or is physically able to earn during such period of temporary partial disability, in any employment, not exceeding, however, eighteen dollars per week: *Provided,* The minimum of six dollars per week elsewhere provided for in this act shall not apply to compensation under this provision, and such payment shall not extend over a longer period than four hundred and fifteen weeks from the date of the accident."

Pertinent portions of the section on which appellant relies are subdivisions 3(c) and 3(c) (20), which read:

"Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter, compensation shall be paid as provided in the following schedule, the average weekly wages to be computed as provided in section 44-511 of the General Statutes of 1935, and the compensation in no case to be more than eighteen dollars per week: . . .

"For traumatic hernia, 60 percent of the average weekly wage during twelve weeks."

Before consideration of arguments advanced by the parties in support of their respective positions we direct attention to subdivision 3(c) (21) which in part reads:

"*Whenever* the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section and no additional compensation shall be allowable or payable for either temporary or permanent disability. . . ." (Emphasis ours.)

Whatever we may have said heretofore, in an effort to liberally construe the provisions of the Workmen's Compensation Act in order to effectuate its purpose, with respect to the purpose of the enactment of the subdivision just quoted, the fact remains the plain import of the language there found, which cannot be disregarded, is that if a workman *is entitled to compensation* for any injury suffered and scheduled under subdivision 3(c), then the compensation to which he is entitled for that specific injury is exclusive of all other compensation provided for under any and all other provisions of the act. So construed, it must follow in the instant case that if the two hernias suffered by appellee as a result of his injury are scheduled

injuries he is limited in his recovery to the compensation provided for by subdivision 3(c), unless, of course, it appears from the evidence his subsequent disability, irrespective of whether it was temporary or permanent, was so unusual and extraordinary, within the meaning of those terms as used in decisions presently referred to, as to justify an additional award beyond the statutory schedule. Notwithstanding the somewhat broad language to be found in some of our decisions this conclusion is inescapable and is in accord with our recent decision in *McCullough v. Southwestern Bell Telephone Co.*, 155 Kan. 629, 632, 127 P. 2d 467. In the opinion in that case we quoted from *Ossic v. Verde Central Mines*, 46 Ariz. 176, 187, 49 P. 2d 396, thus:

". . . when the injury consists of one of the specified scheduled ones and of that alone, the commission is without jurisdiction to make an award on any different basis than that set forth in the statute, . . ."

It is also in harmony with another recent decision, *Amos v. J. E. Trigg Drilling Co.*, 153 Kan. 617, 113 P. 2d 107 where in part we held:

"The record examined, and held, that the statutory schedule for specific injuries constituted the full award to which claimant was entitled, and that the evidence was insufficient to justify an implied exception thereto under the rule announced in *Chamberlain v. Bowersock Mills & Power Co.*, 150 Kan. 934, 96 P. 2d 684, 129 A. L. R. 654."

And stated:

"Both aspects of this precise question are tersely stated in the recent case of *Ottens v. Western Contracting Co.*, 296 N. W. 431, by the supreme court of Nebraska. Two of the headnotes read:

" 'Where disability resulting from compensable injury to fingers is the normal, usual, logical and expected consequence of the injury, no compensation can be awarded in addition to that provided by statutory schedule.

" 'Where a compensation claimant has suffered a schedule injury to some particular member, and some unusual and extraordinary condition affecting some other member has developed as result of the accident, an increased award should be made.' " (p. 620.)

So, also, it complies with the doctrine announced in the earlier case of *Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861, where it was said:

"The legislature evidently believed the loss of a specific member or organ deserved the compensation stated, whatever else occurred. If, however, additional injury should increase the workman's partial disability, either permanently or temporarily, he should receive additional compensation." (p. 373.)

We turn now to contentions advanced by appellee in support of the award. A careful examination of his argument discloses an attempt, by process of elimination, to establish reasons why under the evidence the injuries suffered by him were not within the purview of subdivision 3(c) (20) and in the main, except for an argument later referred to, he proceeds upon the assumption that if his injuries are not found to be scheduled ones compensation therefor is determined by the provisions of subdivision 3(b). For that reason, we approach and devote most of our discussion to the subject of whether such injuries fall within the scope of the subdivision first referred to.

It is first argued that since the language found in this subdivision is "for traumatic hernia" its scope is limited to one hernia only and precludes the allowance of compensation for two hernias as scheduled injuries when they follow as the result of one accident. This argument if pursued to its ultimate conclusion requires allowance of compensation for disability resulting from two hernias under 3(b) or some other provision of the act without regard to the provisions of 3(c). We cannot concur in any such view and see no more legal justification for differentiation between two hernias than we do between the loss of two great toes, two thumbs or two first fingers in any one accident. In reaching that conclusion we are guided by a familiar rule of statutory construction. G. S. 1935, 77-201(3), reads:

"Words importing the singular number only may be extended to several persons or things, and words importing the plural number only may be applied to one person or thing. . . ."

It is a matter of common knowledge that in the absence of some unusual condition—as in this case diabetes—a hernia, or in fact two hernias, are curable by scientific means and their result so far as disability is concerned is no more partial in character and permanent in quality, if as much so, than the loss of the members heretofore referred to. Neither does the fact the legislature saw fit to speak in the singular in one schedule and in the plural in another mean that one cannot recover compensation for two specific injuries suffered in the same accident if but one is listed in the singular number in the schedule. We believe it was the intention of the legislature to allow recovery of compensation for two hernias under the same schedule in the same manner recovery is permitted for the loss of any two of the other members of the body hereinbefore mentioned. So far as we have been able to find the question of whether

there may be recovery for two hernias under the circumstances just related is one of first impression in this state, and in our limited investigation of the authorities we have failed to find any decisions from other states dealing with that subject. However, there is authority to the effect that an injured employee suffering from total disability due to two hernias cannot recover as for total disability under a workmen's compensation act, but must recover under its provisions covering hernia. (See *Beeson v. Sayers,* 7 La. App. 72.)

It is next urged that the language to be found in some of our decisions, presently referred to, implies that scheduled injuries are confined to those received by "a specific member or organ of the body," and precludes recognition of two hernias as being within the purview of the statute. We find little merit to the suggestion. If appellee's position is to be upheld as a result of the use of such language it must necessarily follow that one hernia could not be regarded as within the scope of 3(c) (20), a consequence clearly contrary to the intention of the framers of the act. It was within the power of the legislature to designate hernia as a scheduled injury and when so designated it is of little moment whether it be considered as an injury to some member of the body or as an internal injury. Nor do we feel there is anything, as suggested by counsel, in the opinion of *Hering v. San Ore Construction Co.,* 130 Kan. 70, 285 Pac. 592, cited in *Blythe v. State Highway Comm.,* 148 Kan. 598, 83 P. 2d 678, which precludes this view. True, as is urged, at page 76 of the opinion in that case, dealing with a compound fracture of a leg, the statement is made that subdivision 10 (3) (b) is regarded as being applicable to an injury received at some place on the body other than to one of the members set out in the schedule, but likewise appearing is the statement:

". . . Also it seems clear that section 10 (3) (c) pertains to compensation for injuries to the specific members set out in the schedule in subdivision (c) . . ." (p. 73.)

The language quoted is clear and concise and nowhere in the opinion is it hinted or even suggested that since the legislature had exercised its prerogative to list hernia as a scheduled injury compensation therefor did not fall within the scope of subdivision 3(c). The conclusion that any contrary construction is to be placed upon our opinion in the decision just referred to is unjustified.

We are next confronted with the argument there can be no scheduled disability unless the injury "is partial in character but permanent in quality."

In support of his position appellee points to the case of *Blythe v. State Highway Comm.*, 148 Kan. 598, 83 P. 2d 678, and in his brief singles out a phrase to be found in the opinion wherein it is stated, "The scheduled injuries apply when the disability is permanent, and not where it is temporary only." We are familiar with the facts and circumstances of that case as well as the language to be found in the opinion. It involved a situation where it was stipulated the claimant's injury was a contusion of the distal joint of the second finger of the left hand which necessitated a surgical opening and removal of splintered bone material, resulting in *temporary total disability* and no permanent disability whatsoever. The appellant claimed compensation under such circumstances was limited to the amount allowed under the schedules set out in G. S. 1943 Supp. 44-510 (3) (c) (3) and (19). In denying the appellant's contention the court held:

"Where a stipulation in a compensation case states that there was no 'permanent disability' whatsoever, but that it was a 'total temporary disability,' the compensation to be allowed is not limited by the terms of the scheduled injuries enumerated in subsection (c) of G. S. 1935, 44-510(3)." (Syl.)

A careful examination of the opinion reveals the decision was predicated upon the stipulation and that while it contains language as above quoted, such language has reference to injuries suffered by members of the body which in their very nature would be permanent because they could not be replaced and did not, as we construe it, have reference to hernia, which, while it was a scheduled injury, was of a character that it could be entirely cured by a surgical operation. Here again any other construction would contravene the manifest purpose of the legislature in enacting subdivision 3(c). A cardinal rule of statutory construction often referred to is that when a statute is susceptible of more than one construction it must be given that which when considered in its entirety gives expression to its intent and purpose. (See *Shumaker v. Kansas State Labor Dept.*, 154 Kan. 418, 118 P. 2d 550 and *Egnatic v. Wollard*, 156 Kan. 843, 851, 137 P. 2d 188.) Guided by this rule we believe, so far as it pertains to traumatic hernia, which it should be noted, was not included as a scheduled injury under provisions of the compensation act until it was amended by the Laws of 1927, chapter 232, the proper construction to be placed on 3(c) is that under its terms hernia alone is a scheduled injury for which compensation has

been fixed by the legislature regardless of its character and/or quality.

We are not unaware that in some instances—as here—the rule just stated will bring about a result contrary to what we would have were we to permit our sympathies to guide our legal judgment. In other cases the rule may permit more than what we might deem proper under the exigencies of a given situation. Be that as it may, it is not for us to make the law, but to construe it as we find it for the benefit of all who may come in contact with it without regard to the result in specific cases. Our duty with respect to statutory construction and the remedy for statutory enactments requiring a construction inconsistent with the wishes and desires of those affected by them were well defined by former Chief Justice Johnston in the opinion in *Anderson v. Oil & Refining Co.*, 111 Kan. 314, 206 Pac. 900, when he said:

"It was competent for the legislature to make classifications of disabilities and prescribe the rule to be applied in measuring the compensation for each class. The legislature prescribed a measure for certain scheduled disabilities, and a different rule for partial disabilities not scheduled. The fact that the application of these rules may seem to some to operate unjustly, requires a close scrutiny of the act to ascertain the legislative intent, but affords no ground for the court to substitute rules different from those enacted by the legislature. If the practical operation of the law is found to bring disproportionate or unjust results, it may be assumed that the legislature will amend it, but this is a function which belongs alone to that body." (p. 316.)

We turn now to consideration of those of our decisions where, even though the original injury was a scheduled one, an additional award beyond the statutory schedule was allowed because of subsequent unusual and extraordinary conditions. Appellee cites *Bidnick v. Armour & Co.*, 113 Kan. 277, 214 Pac. 808, and *Chamberlain v. Bowersock Mills & Power Co.*, 150 Kan. 934, 96 P. 2d 684. He places particular emphasis on the Chamberlain case and asserts it is authority for the award made by the commissioner and the trial court in the instant proceeding. We do not agree. Without entering into a detailed discussion regarding the doctrine announced in those decisions it can be summarized by stating it is applicable only in cases where some subsequent complication, distinct and apart from the scheduled injury itself as originally sustained, but resulting from its sufferance, has developed and affects that portion of the body originally injured or some other portion or member of it and results in further and additional temporary or permanent

disability. A careful and painstaking review of the record fails to disclose any evidence establishing such a situation in the case at bar. The only injuries suffered by appellee were the hernias herein referred to. The diabetes which prevented a successful operation was something which for years prior to the occurrence of the injuries had been a constant source of trouble and treatment. Subsequent complications were not established by evidence. Under such circumstances, there is no room for application of the doctrine announced in the Chamberlain case, et cetera.

It is true as suggested by appellee, the compensation act provides no standard of health for workmen and that accidental injuries are compensable thereunder where the accident only serves to aggravate or accelerate an existing disease or intensifies the affliction.

From what has been said it must already be apparent the award below cannot be upheld. Both the commissioner and the trial court were in error in awarding compensation under G. S. 1943 Supp. 44-510 (3) (b). In addition, it should be stated the commissioner's finding that the suffering of a scheduled injury as well as the preexisting condition of diabetes, since the evidence failed to disclose the latter was affected by the injuries, formed a basis for the award was erroneous. Likewise erroneous was the finding of the trial court that G. S. 1943 Supp. 44-510 3(c) did not authorize allowance of compensation for two traumatic hernias.

In passing, we note, although we do not base our decision on that ground, there is another reason why the award cannot be approved. From a careful examination of the record we fail to find any evidence on which an award for temporary total disability could be based. The appellee's evidence was that under all the circumstances his injuries were permanent and appellant did not attempt to dispute it.

Perhaps unnecessary, in conclusion, is the statement a proper award for the disability resulting from the injuries suffered by appellee includes compensation for two hernias as authorized by 3(c) (20) and any additional benefits the trial court may from the evidence find appellee is entitled to under subdivisions (1) and 3(c) (21) of section 44-510.

The judgment of the district court must be modified and the cause is therefore remanded for final disposition in accordance with the views herein expressed.