No. 41,101

LeRoy Bowman, *Appellant*, v. Bushman Construction Company and Liberty Mutual Insurance Company, *Appellees*.

(331 P. 2d 883)

Opinion filed November 8, 1958.

*George E. McCullough*, of Topeka, argued the cause, and *Robert L. Kimbrough* and *William L. Parker, Jr.*, also of Topeka, were with him on the briefs for the appellant.

*William Hergenreter*, of Topeka, argued the cause, and *Wendell L. Garlinghouse* and *Warren W. Shaw*, also of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This was a workmen's compensation case. Appellant appeals from the judgment of the district court and will be referred

to herein as claimant; appellee employer and its insurer will be referred to as respondent. The determinative reviewable question presented is (1) whether an operable hernia is included in the schedule of compensation for specific injuries and (2) if so, what is the extent of claimant's recovery under the provisions of G. S. 1955 Supp., 44-510 (3) (c) and subdivisions (22) and (23) thereof.

Briefly, the trial court found that claimant met with personal injury by accident on August 10, 1955; that the injury arose out of and in the course of his employment with respondent; that as a result of the injury claimant suffered "a traumatic hernia, of the type referred to in Sec. 44-510, subparagraph (22), General Statutes of Kansas, 1949, as amended"; that the hernia was operable and was operated on and repaired September 23, 1955; that temporary total disability of claimant commenced August 10, 1955, and ceased December 3, 1955. The court held claimant was entitled to compensation at the rate of thirty-two dollars a week for twelve weeks and four days, and to his medical expenses, all of which, as stipulated by the parties, had already been paid.

The phrase quoted above, which was taken from the trial court's journal entry, makes it plain the court concluded, as a matter of law, that an operable hernia is within the schedule of specific injuries.

The workmen's compensation commissioner had reached an opposite conclusion in this case, ruling that amendment G. S. 1955 Supp., 44-510 "had the effect of taking hernias from the schedule as far as general bodily disability is concerned." With this conclusion in mind, the commissioner found that claimant suffered thirty-five per cent permanent partial disability as a result of the injury and the hernia operation. The commissioner further concluded subdivision (24) of paragraph (3) (c) should be applied and thereunder claimant was entitled to compensation at the rate of $26.35 a week for a period of 402.43 weeks, in addition to the twelve weeks and four days of temporary total disability.

Claimant contends the district court adopted the commissioner's findings of fact, especially the finding as to permanent partial disability of the claimant. However, there is nothing in the record of the case to indicate the district court did so. To the contrary, the district court made its own findings of fact in its journal entry of judgment, which indicates the district court was not adopting

the commissioner's findings. Since claimant does not contend there is no evidence to support the lower court's findings, those findings are conclusive. The only question for this court to determine on review is whether the trial court properly applied the law to its findings of fact. (*LaRue v. Sierra Petroleum Co.,* 183 Kan. 153, 325 P. 2d 59; G. S. 1957 Supp., 44-556, and numerous cases cited thereunder.) Therefore, the district court's conclusion of law that an operable hernia is a scheduled injury presents the only question for review. This conclusion infers that a finding concerning permanent partial disability resulting *from the hernia* was unnecessary because any such finding would have no effect on the proper award under the conclusion of law, as will be evident from what is later stated.

G. S. 1955 Supp., 44-510 is the section of the Workmen's Compensation Act which controls the amount of compensation to be awarded a workman. This section is divided into three paragraphs: (1) compensation for medical expenses; (2) compensation for death of the workman; and (3) subparagraphs (*a*) compensation for total permanent disability, (*b*) compensation for temporary total disability, and (*c*), of which subdivision (22) is a part, compensation for permanent partial disability. G. S. 1955 Supp., 44-510 (3) (*c*), as here applicable, reads:

"(*c*) Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter compensation shall be paid as provided in the following schedule, . . .

. . . . . . . . . . . . . . .

"(22) For traumatic hernia, compensation shall be limited to the payments provided in paragraph (1) of this section and compensation for temporary total disability during such period of time as such workman is actually unable to work on account of such hernia: *Provided,* That the unreasonable refusal of the workman to submit to an operation for surgical repair of such hernia shall deprive such workman of any benefits under this act, except that in the event such hernia is inoperable, compensation shall be paid at the rate of sixty percent (60%) of the average weekly wages during twelve (12) weeks.

"(23) Whenever the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section, no additional compensation shall be allowable or payable for either temporary or permanent disability; . . ."

Subdivision (22) begins "For traumatic hernia," which clearly makes no distinction between an operable and an inoperable hernia and therefore includes both. All of subdivision (22) up to the proviso, if left standing alone, would constitute a scheduling of both an operable and an inoperable hernia as compensable by temporary total disability and medical expenses. Such a construction is the only way the words "shall be limited to" can be given any meaning. The first clause of the proviso, however, indicates the foregoing portion of subdivision (22) contemplates an operable hernia, and an inoperable hernia is further scheduled in the final clause of the proviso. To apply the construction contended by claimant and hold that an operable hernia is not covered by the schedule would be to give effect only to the last clause of subdivision (22) and eliminate the remainder thereof. Although the Workmen's Compensation Act is to be liberally construed with a view of awarding compensation to the workman whenever it is reasonably possible to do so (*Bright v. Bragg*, 175 Kan. 404, 414, 264 P. 2d 494), this court cannot go so far as to substitute rules different from those enacted by the legislature. (*Rogers v. Board of Public Utilities*, 158 Kan. 693, 701, 149 P. 2d 632.)

Subdivision (22) was amended in 1955. This subdivision formerly read: "(20) For traumatic hernia, 60 percent of the average weekly wage during twelve weeks." (G. S. 1949, 44-510 (3) (c), (20).) This wording covered all hernias. (*Rogers v. Board of Public Utilities*, supra.) It is claimant's contention that the amendment of this subdivision removed operable hernias from the schedule. It is clear that in the amendment the legislature intended to *change* the compensation for operable hernias, but the changed compensation itself is a further indication that the legislature did not intend to *remove* operable hernias from the schedule. In regard to all traumatic hernias, we must adhere to what was said in *Rogers v. Board of Public Utilities*, supra, pp. 700, 701. In this case there are no facts before the court except that claimant suffered *only a hernia* as a result of the injury, that he incurred medical expenses in its treatment, and a certain period of total disability. These facts in themselves distinguish *Duncan v. Davidson Construction Co.*, 170 Kan. 520, 227 P. 2d 95; *Miller v. Massman Construction Co.*, 169 Kan. 499, 219 P. 2d 429; *Richards v. J-M Service Corp.*, 164 Kan. 316, 188 P. 2d 939; and *Bidnick v. Armour & Co.*, 113 Kan. 277, 214 Pac. 808, cited by claimant, all of which cases involve either multiple

injuries or complications resulting from normal treatment. Claimant, in the instant case, may have submitted evidence in an attempt to come within the rules of the mentioned cases. However, the trial court found against him on that issue and consequently rendered the mentioned decisions inapplicable.

In view of the foregoing, an operable hernia must be held to be a scheduled injury under G. S. 1955 Supp., 44-510 (3) (c), subdivision (22), and compensation therefor is limited to medical payments under paragraph 1 and temporary total disability during such period of time as the workman is unable to work on account of such hernia.

In accordance with what has been said, claimant is entitled to compensation for medical expenses and the period of temporary total disability. In regard to the period of temporary total disability, the journal entry contains the finding that claimant was totally disabled from August 10, 1955, to December 3, 1955. This is a total of 115 days or, for compensatory purposes the first week being omitted, fifteen weeks and three days. The award was made for only twelve weeks and four days. It is apparent the commissioner, the trial court and counsel miscalculated the number of weeks of total temporary disability. The result is that the judgment of the trial court must be modified and the case remanded for final disposition in accordance with the conclusions herein announced.

It is so ordered.