No. 29,779.

ARTHUR F. HONN, *Appellee*, v. MRS. ARDEN CRIST ELLIOTT and THE PHŒNIX INDEMNITY COMPANY, *Appellants*.

(295 Pac. 719.)

Opinion filed February 7, 1931.

*J. B. McKay,* of El Dorado, and *A. B. Mitchell,* of Lawrence, for the appellants.

*E. W. Grant,* of El Dorado, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. We shall speak of the workman as plaintiff and the employer and her insurance carrier as defendants. The plaintiff's claim for compensation was allowed by the compensation commissioner, defendants appealed to the district court—where the record was reviewed and plaintiff's claim allowed—and defendants have appealed.

Appellants first contend that plaintiff cannot maintain the proceeding for the reason that he did not serve on defendants a written claim for compensation within ninety days after compensation payments had been suspended, as required by R. S. Supp. 1930, 44-520a. The facts with respect to that, as shown by the record, are: Plaintiff was injured November 12, 1928. Defendants paid physicians and medical service for the claimant, and also paid compensation from November 19, 1928, to September 9, 1929, at the rate of $18 per week, when they suspended payment. These payments were regularly made each week. On October 2, 1929, plaintiff executed and verified an instrument headed, "Employee's claim for compensation," giving his name, address, name and address of his employer, the date, place and circumstances of the accident, and that he had received compensation to September 9, 1929, and much other detailed information. This claim was received by the compensation commissioner on October 3, and copy forwarded to defendants. On

October 12 plaintiff and defendants entered into a stipulation for the hearing of the claim at El Dorado on a date subsequent to October 24, to be fixed by the commissioner. The hearing was had on November 6, 1929. At the time of that hearing defendants admitted having received the claim for compensation, which was forwarded to them by the compensation commissioner on October 3, 1929. The receipt of this claim and the hearing upon it before the compensation commissioner were within the ninety days provided by statute from the time payment of compensation had been suspended. Appellant's complaint seems to be that plaintiff did not send this claim for compensation directly to them instead of sending it through the compensation commissioner. The statute does not preclude this manner of forwarding a claim, and we regard the contention of appellants on this point as being highly technical. In *Murphy v. Cook Construction Co.*, 130 Kan. 200, 285 Pac. 604, the workman filed with the compensation commissioner an application for compensation. This was treated as a sufficient claim for compensation under the statute.

Appellants contend that the proceedings cannot be maintained because there is no showing that plaintiff offered to arbitrate. The old statute (R. S. 44-534) provided that no action could be maintained unless the workman shall have consented to an arbitration. The new statute (R. S. Supp. 1930, 44-532) does not contain that provision. While the parties may settle, or may agree to arbitrate, it is no longer a condition precedent to maintaining a proceeding for compensation before the compensation commissioner that the workman has consented to arbitration.

The principal point argued in this appeal is the amount of plaintiff's compensation, or, more accurately, how it should be computed under the statute. The court found that plaintiff was employed by the defendant, Arden Crist Elliott, as a rig builder in the oil fields; that both were working under the compensation act, and that plaintiff's earnings for the preceding year were $2,800. There is no controversy over these findings. That on November 12, 1928, while engaged in that work, he fell from a rig for a distance of about twenty feet, landing on his feet on some timber, and received an injury to both his feet. The bones of his feet were badly broken and crushed, and the ligaments, muscles and flesh were severely bruised and torn. That claimant will never be able again to engage in rig building, or in work that requires climbing on ladders, or that

requires him to move about quickly, or that requires him to be on his feet much of the time, unless he has frequent opportunities to sit down. That claimant suffered a temporary total disability by injuries to both feet, followed by permanent partial loss of their use; that from the time of his injury to March 25, 1929, plaintiff had a temporary total loss of the use of both feet; that from March 25, 1929, until November 10, 1930, he has and will sustain a permanent partial loss of the use of both feet, being a 45 per cent loss of the use of one foot and a 40 per cent loss of the use of the other foot; that from November 10, 1930, for the remainder of his life, plaintiff will have a permanent partial loss of the use of both feet, being 30 per cent loss of the use of each of his feet; that from the date of the accident until the last part of March, 1929, plaintiff was unable to perform any work, and unable to earn anything; that 60 per cent of the average weekly wages earned by him before the accident were $32.30; that since the last of March, 1929, plaintiff has not been able to earn more, at any employment, than $15.62 per week, and until November 10, 1930, will not be able to earn in excess of that sum. The difference between his earnings before the injury and what he would be able to earn for that period is $38.22 per week, and 60 per cent of such difference is $22.93; that beginning with November 10, 1930, and continuing for 311 weeks thereafter, claimant will continue to be permanently partially disabled, and will not be able to earn, at any employment, to exceed $25 per week. The difference between that and the sum he was able to earn before is $28.84, and 60 per cent thereof $17.30. The court allowed compensation as follows: The amount which had been paid in full to September 9, 1929, $756; for the period from September 9, 1929, to November 10, 1930, a total of 61 weeks, $18 per week; and as 42 weeks of that period had expired, judgment was given for a lump-sum payment of $756 for that period, the remaining 19 weeks to be paid at $18 per week; and for the period beginning November 10, 1930, and continuing for 311 weeks, compensation should be paid at $17.30 per week, payable weekly.

It will be noted that this judgment was computed on the basis of total temporary disability, followed by permanent partial disability. Appellants contend that compensation should have been computed upon a scheduled injury for each foot, in accordance with the interpretation of the statute made in *Hering v. San Ore Construction Co.*, 130 Kan. 70, 285 Pac. 592, with respect to the injury to one

foot. It is argued "the claimant is entitled to compensation under the schedule for the injury to each foot, notwithstanding the other foot was injured in the same accident." The schedule set out in the statute [R. S. Supp. 1930, 44-510 (3) (c) (1) to (20) inclusive] provides compensation when the injury is to a single member, as "a thumb," "a finger," "a hand," "an eye," etc. At no place in the schedule does it attempt to provide compensation for both members when they are in pairs, as "both hands," "both feet," "both eyes," except as to loss of hearing in one or both ears (17) (18). There the compensation for loss of hearing in both ears is four times as great as for the loss of hearing in one ear. The statute does provide [R. S. Supp. 1930, 44-510 (3) (a)]: "Loss of both eyes, both hands, both arms, both feet, or both legs, shall, in the absence of proof to the contrary, constitute a total permanent disability." And the same section (3) (c) (22) provides the rule for computation for temporary or permanent partial disability not covered by schedule. Considering these provisions of the statute, we are forced to the conclusion that when two feet are injured, as in the case before us, the compensation should not be computed for each one separately, as for the injury to one foot as provided by the schedule, but should be computed under the provisions of the statute above quoted, "loss of both . . . feet . . . shall, in the absence of proof to the contrary, constitute a total permanent disability," and under the provision of subdivision (22) above referred to. This was the view entertained by the trial court.

Appellants, by their reply brief, call our attention to *Orendoc v. Kaw Steel Construction Co.*, 131 Kan. 366, 291 Pac. 952, decided by this court since the trial of this case in the court below, in which the workman had received an accident similar to that sustained by plaintiff in this action, and in which this court computed compensation as for the schedule for each foot. Perhaps it is sufficient to say that it was not argued in that case that the schedule applies to a single member, nor was the provision of the statute above quoted, with respect to the "loss of both eyes, both hands, both arms, both feet, or both legs," called to our attention. Perhaps the point was in that case, but if so it was not presented in the briefs or arguments of counsel and was not decided; hence we do not regard that case as preventing us from construing the statute now called to our attention and determining the points now urged.

Appellants argue that there was not sufficient evidence to sustain the findings of the court as to present and future earnings of plaintiff. We have examined this contention and find it has no substantial merit.

Appellants argue that the court should not have rendered a final judgment; that if the plaintiff's physical condition should improve more than the evidence at the hearing tended to show it might do, they should not be precluded from a review under R. S. Supp. 1930, 44-528. We do not understand the form of the judgment of the court in this case to be such as to preclude such a review should the facts and circumstances warrant it.

The judgment of the court below is affirmed.