No. 46,270

HARVEY J. JACKSON, *Appellant*, STEVENS WELL SERVICE AND TRI-STATE INSURANCE COMPANY, *Appellees*.

(498 P. 2d 264)

Opinion filed January 22, 1972.

*J. Eugene Balloun*, of Turner & Balloun, Chartered, of Great Bend, argued the cause, and *Lee Turner*, of the same firm, was with him on the brief of the appellant.

*Thomas C. Berscheidt*, of Hampton & Ward, of Great Bend, argued the cause, and *Tudor W. Hampton* and *Jerry M. Ward*, of the same firm, were with him on the brief of the appellees.

The opinion of the court was delivered by

OWSLEY, J.: This is an action for workmen's compensation benefits. The Examiner made an award for temporary total disability

at the rate of $49.00 per week. The Workmen's Compensation Director, on an application for review and modification, modified the award to a finding of 100% loss of use of the right hand and for amputation of the left index finger making a total of 190.7 weeks at $49.00 per week.

On appeal to the District Court, the ruling of the Director was affirmed. The claimant appeals from this judgment.

The question on appeal is whether the claimant is entitled under the facts to an award of temporary total disability or is limited to an award for scheduled injuries as found by the trial court.

The claimant testified that his previous work experience was that of a truck driver, farm laborer, and worker in the oil field. That he was fifty years of age, married and had three children. That he had worked for the respondent for about one year prior to the accident and this work called for manual labor which required considerable lifting of weights of 35 to 40 pounds and sometimes 100 to 150 pounds and that the job also required a great deal of stooping and bending, working overhead and in all weather conditions.

He further testified that on the day of the accident a 22 foot pipe with a swab on the end dropped directly on his hands. That as a result he sustained a traumatic amputation of the first and second fingers of the right hand into the knuckle of the right hand, a partial amputation of the thumb of the right hand and an amputation of the first finger of the left hand below the second joint. That the accident occurred on September 25, 1967, and that his right arm and shoulder started giving him difficulty in January of 1968. He further stated that his right shoulder hurts and on many occasions it hurts nearly all day; that he cannot extend his right arm full length without pain; and that he cannot lift his right elbow over his head.

Larry L. Axline, placement director with the Associated Personnel Technicians, testified that the claimant had an IQ of 93 which is below the average for the general population.

Harry Thornton, an interviewer for the Kansas State Employment Service, testified that he had been unable to place the claimant in any employment, but he felt there might be some jobs claimant could do after vocational rehabilitation.

Bentley Barnabas, an industrial psychologist, testified that claimant might possibly qualify as a flagman or operate an elevator if it

had power-driven doors. He also stated that claimant could not do the same or similar work as he had previously done.

Roy B. Coffey, M. D., testified for the claimant stating that on the right hand the claimant had a 25% loss of use of the thumb or a 60% loss of the use of the right hand and 100% loss of use of index finger on the left hand. That further the claimant suffered from bicipital tendonitis in the right shoulder which he felt was probably a temporary loss and he did not rate it but felt it had need of further treatment. That although plaintiff was right handed, his upper right arm measured 9¾ inches in circumference and the left 10½ inches, and the right forearm measured 9 inches while the left forearm measured 10 inches. He further testified that all of the injuries were in his opinion related to the accident which the claimant had sustained and that while he considered the shoulder difficulty to be secondary he did feel that it was a direct result of the injury. That in his opinion the claimant had a 25% impairment of the body as a whole as a result of his injury to his hands and it was too early to arrive at a permanent disability rating to the shoulder. That he would not pass this man for a pre-employment examination on any type of heavy labor and that he would not pass him for any type of oil field work other than the reading of gauges and so forth. That in his opinion this man is out of any occupation that requires hand work, tool work, lifting or other heavy labor.

Based on this undisputed evidence, the Examiner found the claimant was temporarily totally disabled as a result of the injury to his right hand and to the index finger of his left hand. The Examiner also found that the shoulder difficulties aggravated his disability and that the difficulty is either ( a ) a direct result of the injury, or ( b ) an aggravation during the normal course of treatment, and not of a referral or causalgia nature as was the case in *Riggan v. Coleman Co.*, 166 Kan. 234, 200 P. 2d 271.

The Director, in modifying the award, found the only disability of a permanent nature was the injury to the right hand and to the left index finger and compensation was limited to the scheduled injuries, and otherwise affirmed the award of the Examiner.

The District Court on appeal found the following:

"If a workmen's compensation act were being drafted in the light of the facts in this case, it would be reasonable to assume that it would be worded in such a way that this claimant would be entitled to an award of total permanent disability. This is the claimant's disability when measured by any realistic standard.

"Under the wording of the Kansas act, however, his compensation must be limited to scheduled injuries: complete loss of use of the right hand plus loss of the left index finger. Since the Kansas Supreme Court declined to soften the occasional unfairness of our scheduled injury statute in *Wammack v. Root Manufacturing Co.*, 184 Kan. 367, 336 P. 2d 441 (1959), and *Rogers v. Board of Public Utilities*, 158 Kan. 693, 149 P. 2d 632 (1944), it would seem improper for a trial court to attempt to do so.

"Neither is the court justified in utilizing the tendonitis in claimant's shoulder to convert his permanent injuries into a classification of temporary total disability. Viewed in a way most favorable to claimant, the shoulder difficulty is only temporary in nature and results from injury to the hand, a scheduled injury. It is not a separate injury by accidental means; he is not disabled because of the shoulder, but he is disabled because of the injury to the two hands.

"Counsel for respondent will please prepare and circulate a journal entry affirming the award as made by the Director."

There appears to be no question that the claimant is totally disabled from obtaining and retaining work of the same kind and character he was able to perform prior to his injury. We must determine, however, whether the claimant's award under our Workmen's Compensation law is limited to scheduled injuries as defined in K. S. A. 44-510. The answer to this question is based on the nature and effect of the injury to claimant's right shoulder. We can safely say that the injury to the shoulder contributed to the claimant's total disability even though he was considered totally disabled without the shoulder injury by the trial court.

The trial court stated that it was prevented from granting a temporary total disability award by reason of *Wammack v. Root Manufacturing Co.*, supra, and *Rogers v. Board of Public Utilities*, supra.

In the *Rogers* case, the claimant suffered two hernias which could not be surgically repaired because of the claimant's diabetic condition. We denied relief beyond the statutory schedule and in so doing stated:

"We turn now to consideration of those of our decisions where, even though the original injury was a scheduled one, an additional award beyond the statutory schedule was allowed because of subsequent unusual and extraordinary conditions. Appellee cites *Bidnick v. Armour & Co.*, 113 Kan. 277, 214 Pac. 808, and *Chamberlain v. Bowersock Mills & Power Co.*, 150 Kan. 934, 96 P. 2d 684. He places particular emphasis on the Chamberlain case and asserts it is authority for the award made by the commissioner and the trial court in the instant proceeding. We do not agree. Without entering into a detailed discussion regarding the doctrine announced in those decisions it can be summarized by stating *it is applicable only in cases where some*

*subsequent complication, distinct and apart from the scheduled injury itself as originally sustained, but resulting from its sufferance, has developed and affects that portion of the body originally injured or some other portion or member of it and results in further and additional temporary or permanent disability.* A careful and painstaking review of the record fails to disclose any evidence establishing such a situation in the case at bar. The only injuries suffered by appellee were the hernias herein referred to. The diabetes which prevented a successful operation was something which for years prior to the occurrence of the injuries had been a constant source of trouble and treatment. Subsequent complications were not established by evidence. . . ." (pp. 701, 702.) (Emphasis supplied.)

We also stated as a further basis for denying relief that diabetes was not caused by the accident; however, the italicized portion of this quote appears to directly support claimant's position. Claimant's shoulder injury was the result of a subsequent complication distinct and apart from the injury to the hands as originally sustained, but resulting from the injury to the hands.

In the *Wammack* case, the claimant suffered an injury to the thumbs of each hand and we held following the *Rogers* case that the award was limited to the schedule. There was no claim in Wammack of other injuries and therefor it has no application here.

Appellee argues that the award of the trial court should be affirmed by reason of the provisions of K. S. A. 44-510 (3) (c) (23) which states:

"Whenever the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section, and no additional compensation shall be allowable or payable for either temporary or permanent disability. . . ."

We construe this statute to be inapplicable to a situation where the injured claimant has a compensable injury to some part of the body not specifically scheduled.

We conclude that neither the provisions of K. S. A. 44-510 (3) (c) (23), nor the *Rogers* or *Wammack* cases, prevented the trial court from awarding claimant total temporary disability.

Appellee argues that there was substantial evidence to support the finding that the claimant's shoulder injury was a temporary disability. With this we agree; however, temporary disability is compensable under the Workmen's Compensation Act until the temporary disability ceases to exist. The record in this case discloses no evidence that the shoulder is not now disabling and does not continue to contribute to claimant's disability.

In this situation the trial court, after finding the claimant was totally disabled, should have found as a matter of law that claimant was entitled to a temporary total disability award. Even though no specific finding was made by the trial court that the shoulder injury contributed to the total disability of claimant, we feel justified by the undisputed facts in the record in finding this was true. It may be argued that since the trial court found only a temporary injury to shoulder the disability has now ceased. This may be the factual situation now, but until evidence to this effect is placed in the record no court can act on this supposition.

In *Chamberlain v. Bowersock Mills & Power Co.,* 150 Kan. 934, 96 P. 2d 684, the claimant, a flour mill worker, suffered an injury to several of his fingers and later developed a virulent infection by reason of the injury to the fingers. We said:

"Before examining this question more closely let us note clearly the instant situation. The claimant injured a finger. In and of itself the injury might not have materially affected any other part of his body, although the injury to the finger might be permanent. But he suffered a virulent infection of a character which Doctor Schaffer testified is frequently found in flour mills. This infection spread to his hand and threatened the loss of his right arm and even spread to his left arm. The infection necessitated several operations and kept the patient in the hospital for many weeks. Two employees might have suffered the same injury to a finger, and one get the infection and the other not get it. The infection, it is true, is clearly traceable to the injury which furnished the occasion for its entering the body, but by no means does such infection always take place after such injury. In fact it is the exception rather than the rule. Under these facts are we required to say that after the patient had been confined in the hospital and totally disabled for many weeks and that thereafter his only permanent disability was the partial loss of the use of the third finger, compensation for the latter precludes allowance for the former? Such an illogical result should not be reached unless the language of the statute unquestionably requires it." (pp. 940, 941.)

This case supports appellant's position that the accident resulting in injury to claimant's hands need not injure the shoulder at the same time in order for the shoulder injury to be compensable. Also see *Reed v. Clay Center Concrete & Sand Co.,* 184 Kan. 374, 336 P. 2d 405.

Appellee stresses *Riggan v. Coleman Co.,* supra, wherein a workman lost the use of his right arm and then developed headaches and pain in the neck, shoulders and head as a result of causalgia. Causalgia was described as: ". . . a very common accompani-

ment of severe injury where there is either nerve or blood vessel injury to an extremity." (p. 236.)

We further stated:

"At this point it should be repeated the foregoing testimony stands alone and added that nowhere in the record is there any evidence to the effect that either appellee's shoulder, neck or head were directly injured or affected by the stamping machine responsible for the accident or that the referred pain causing his additional temporary total disability was distinct and apart from the disability for which he was awarded compensation as a scheduled injury." (p. 236.)

This case is distinguishable. The testimony here reveals that the claimant suffered from bicipital tendonitis of the right shoulder and atrophy of the right arm as a direct result of the injury and not as a referred pain or discomfort resulting from the injury to a scheduled member. The disability in the *Riggan* case fails to meet the requirement that the subsequent complication must be distinct and apart from the scheduled injury.

In *Honn v. Elliott,* 132 Kan. 454, 295 Pac. 719, *Hurst v. Independent Construction Co.,* 136 Kan. 583, 16 P. 2d 540, and *Orendoc v. Kaw Steel Construction Co.,* 131 Kan. 366, 291 Pac. 952, one or more scheduled injuries were involved and were controlled by the provisions of K. S. A. 44-510 (3) (*a*). The facts in these cases do not require an application of this statute or the cases construing the same.

We find that when a primary injury under the Workmen's Compensation Act is shown to have arisen out of and in the course of employment every natural consequence that flows from the injury, including a new and distinct injury, is compensable if it is a direct and natural result of a primary injury.

Appellees filed a motion to dismiss this appeal and we granted appellees the right to present their motion at the time of oral argument. The basis of the motion was that claimant had accepted the final compensation payment under the award entered by the trial court and therefor acquiesced in the judgment preventing appeal.

Appellees cite K. S. A. 44-528, which provides that anytime before a final payment is made pursuant to an award it may be reviewed by the Director upon good cause shown and upon application by either party. This statute is not applicable to a final payment made under an award which is on appeal to this Court. K. S. A. 44-556 provides that compensation payable under a district court decision is not stayed pending appeal. It logically follows

that if payments are not stayed on appeal the claimant is entitled to receive them.

We hold that the acceptance of a final payment under an award made by the trial court is not an acquiescence in the judgment that would prevent a claimant from seeking a review of the decision on appeal.

We conclude that the trial court erred in finding that the claimant's injury was not a general body disability and in not entering an award for total temporary disability.

Reversed and remanded with directions to proceed in accordance with the views expressed herein.