No. 46,931

PHILLIP STOCKMAN, *Appellant,* v. GOODYEAR TIRE AND RUBBER COM-
PANY OF KANSAS, INC., and AETNA CASUALTY AND SURETY COM-
PANY, *Appellees.*

(505 P. 2d 697)

Opinion filed January 20, 1973.

*George E. McCullough,* of McCullough, Wareheim & LaBunker, of Topeka,
argued the cause, and was on the brief for the appellant.

*James E. Benfer,* of Fisher & Benfer, Chartered, of Topeka, argued the
cause, and *David L. McLane,* of the same firm, was with him on the brief for
the appellees.

The opinion of the court was delivered by

OWSLEY, J.: The claimant was awarded compensation for an
injury occurring on January 9, 1970. He sought additional com-
pensation for an incident occurring at his home on April 18, 1970.
The trial court found the incident of April 18, 1970, was a new and
non-compensable injury. On appeal, we must determine if the
record contained substantial evidence to support the trial court's
finding.

The parties to the appeal have submitted an agreed statement
of the case and the statement has been reproduced in the record
pursuant to Rule 6 (*o*) of this court. From the agreed statement
we find that the claimant had worked for the respondent for about
three years and was twenty-three years old. On January 9, 1970,
he was building earth-mover tires which required him to do lifting
and bending. On that date, while tripping a drum, the claimant
felt a sharp pain in his back when he straightened up. He was
treated by Dr. M. E. Pusitz and was released to go back to work
on Friday, April 17, 1970. On April 18, 1970, while at home, the
claimant stooped over to pick up a tire and felt a sudden pain in

his back. He claimed he reached for the tire but did not touch it. He was advised by Dr. Pusitz that since he had a new injury he could not return to work and he continued under Dr. Pusitz's care until approximately September 15, 1970. He returned to light duty work on August 30, 1970.

Dr. Pusitz testified on behalf of respondent. He stated he was an orthopedic surgeon and he first saw claimant on January 14, 1970. He made an examination, took X-rays, and obtained a history of the claimant. He diagnosed the claimant's difficulties as a sprain of the quadratus lumborum. He further stated that he had released the claimant to return to work on April 17, 1970. He testified that on that date the claimant had improved as much as an ordinary case of back strain could improve. The doctor stated that while he could not promise a cure, he felt that he would have been able to eventually release the claimant with a permanent partial general bodily disability rating of approximately five percent. On April 20, 1970, he saw the claimant and claimant informed him that on the 18th of April he had had another painful episode with his back while throwing a spare tire into the trunk of his automobile. He felt that the permanent partial disability described would mean that the claimant's back area was less able to resist subsequent strain than if he had not had any previous back difficulty. He also stated claimant suffered a lumbo-sacral strain as a result of the April 18, 1970, incident and he could not return to work.

Dr. Roy Coffey testified on behalf of the claimant. He first saw the claimant on August 12, 1970, when he was informed by the plaintiff that he had no history of a prior injury other than the injury of January 9, 1970. On his second visit to Dr. Coffey the claimant stated that he did have a recurrence of his pain when he stooped over to pick up a tire at his home. He further stated that he had not actually lifted the tire or the tire rim. Dr. Coffey felt the claimant was temporarily fifty percent disabled but was in need of additional treatment. He also stated that the claimant's injury on April 18, 1970, was a continuation of his original injury.

The examiner in his award found a new non-compensable injury on April 18, 1970, and terminated total disability compensation and medical treatment at that time. He entered an award of five percent permanent partial disability. On review the director found that the incident of pain on April 18, 1970, was merely a continuation of the original injury and ordered all medical treatment after that

date to be paid by the respondent. He found that the claimant did in fact suffer a twenty percent general disability. On appeal the trial court found that if claimant suffered a new injury on April 18, 1970, it did not arise out of and in the course of his employment and was not compensable. The court, in effect, made no finding of fact as to whether there was or was not a new injury. Since the trial court reinstated the award of the examiner it would be inherent in its finding that a new injury did occur although non-compensable.

The claimant submits the trial court was in error in concluding that the claimant suffered a new injury on the ground that the finding of fact was not based on substantial competent evidence. The claimant reminds the court of the legislative directive that the provisions of the compensation act should be liberally construed with a view of awarding compensation to an injured workman whenever it is reasonably possible to do so, citing *Bright v. Bragg*, 175 Kan. 404, 264 P. 2d 494. The claimant also points out that whether there is substantial competent evidence to support the judgment made by the trial court is a question of law as distinguished from a question of fact, citing *Cross v. Wichita Compressed Steel Co.*, 187 Kan. 344, 356 P. 2d 804.

The limitation upon this court on appellate review as to "questions of law" simply means that its duty is to determine whether the trial court's factual findings are supported by any substantial evidence. The pronouncement made in *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370, clearly analyzes the function of this court on appeal in the following language:

"Under G. S. 1957 Supp., 44-556, the appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If, when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed, this court being conscious at all times of the fact that we have little concern with disputed questions of fact in ordinary lawsuits and none whatever in compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence justifies the trial court's finding or conclusion of fact. (*Rothman v. Globe Construction Co.*, 171 Kan. 572, 235 P. 2d 981; *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259; *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 325 P. 2d 59; *Burton v. Western Iron and Foundry Co.*, 173 Kan. 506, 249 P. 2d 688.)" (pp. 185, 186.)

Recognizing our obligation under the rule announced in *Allen v. Goodyear Tire & Rubber Co.*, supra, and cases cited therein, we have examined the record for the purpose of determining the sufficiency of the evidence to sustain the trial court's finding. After a careful and extended examination of the record we are convinced that it discloses sufficient competent evidence on which the trial court could base a finding that the claimant suffered a new injury which did not arise out of and in the course of his employment. This means we cannot disturb the trial court's finding and it must be upheld. In reaching this decision we point out as we have on many previous occasions that it is the province of the trial court, not this court, to weigh the evidence and determine what portions thereof should be given credence. We are unable to say the statement of the claimant to his doctor that he suffered an injury at his home while throwing a tire into the trunk of his car, together with all of the other circumstances in the case, did not constitute substantial evidence to support the trial court's conclusions.

The claimant further argues that if he suffered an increase in disability brought about by a new injury it was compensable as a natural consequence which flowed from the original stipulated compensable injury. This argument is based on the rule in *Jackson v. Stevens Well Service*, 208 Kan. 637, 493 P. 2d 264, where we said:

"When a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of employment every natural consequence that flows from the injury, including a new and distinct injury, is compensable if it is a direct and natural result of a primary injury." (Syl. ¶ 1.)

The rule in *Jackson* is limited to the results of one accidental injury. The rule was not intended to apply to a new and separate accidental injury such as occurred in the instant case. The rule in *Jackson* would apply to a situation where a claimant's disability gradually increased from a primary accidental injury, but not when the increased disability resulted from a new and separate accident.

The judgment is affirmed.