(16 P.3d 975)

No. 84,865

VONA R. PRUTER, *Appellee*, v. LARNED STATE HOSPITAL, *Appellant*, and STATE SELF-INSURANCE FUND, *Insurance Carrier/ Appellant*.

Opinion filed December 15, 2000.

*Richard L. Friedeman*, of Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., of Great Bend, for appellants.

*Robert R. Lee*, of Wilson, Lee & Gurney, of Wichita, for appellee.

*Timothy A. Short*, of Spigarelli, McLane & Short, of Pittsburg, for *amicus curiae* Kansas Trial Lawyers Association.

Before LEWIS, P.J., WAHL, S.J., and PATRICK D. MCANANY, District Judge, assigned.

WAHL, J.: Respondent Larned State Hospital (Larned) and the State Self-Insurance Fund (Fund) appeal from an order of the Workers Compensation Board (Board) awarding claimant Vona R. Pruter whole body permanent partial disability benefits instead of calculating Pruter's benefits based on two scheduled injuries.

Following a hearing, the administrative law judge determined Pruter suffered a 6 percent impairment to her right upper extremity and a 7 percent impairment of the right lower extremity. The administrative law judge then determined that although Pruter's injuries constituted scheduled injuries under K.S.A. 1999 Supp. 44-510d, because Pruter simultaneously sustained two scheduled injuries, her compensation should be calculated based on an unscheduled whole body disability. The administrative law judge then awarded Pruter benefits based on a 7 percent impairment to the body as a whole.

Both the respondent and Pruter timely appealed from the administrative law judge's decision. The only issue before the Board was the nature and extent of Pruter's injury. After evaluating the impairment ratings given by two physicians, the Board agreed with the administrative law judge that Pruter suffered a 6 percent impairment of her right arm and a 7 percent impairment of her right leg. The Board further agreed that although these injuries were scheduled injuries individually, the fact that two scheduled injuries occurred simultaneously required the injuries to be converted into a whole body injury. The Board relied primarily on *Honn v. Elliott*, 132 Kan. 454, 295 Pac. 719 (1931), and several prior Board decisions on this issue. The Board awarded benefits based on a 7 percent functional impairment to the body as a whole. Respondent and its insurer appealed to this court.

The sole issue on appeal requires this court to interpret and apply the scheduled injury statute of the Kansas Workers Compensation Act (Act), K.S.A. 1999 Supp. 44-510d, and various cases interpreting and applying that provision. Interpretation of a statute is a question of law which this court must review de novo. *Hamilton*

*v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

The interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is entitled to judicial deference. *Auten v. Kansas Corp. Comm'n.*, 27 Kan. App. 2d 252, 254, 3 P.3d 86, *rev. denied* 269 Kan. 931 (2000). When the agency is one of special competence and experience, its interpretation of a statute may be entitled to controlling significance. If there is a rational basis for the agency's interpretation, it should be upheld on judicial review. *In re Application of Zivanovic*, 261 Kan. 191, 193, 929 P.2d 1377 (1996). Ultimately, however, the court must exercise de novo review. If an administrative body's interpretation is erroneous as a matter of law, the court should take corrective steps. *McTaggart v. Liberty Mut. Ins.*, 267 Kan. 641, 645, 983 P.2d 853 (1999).

The key dispute is whether Pruter's simultaneous injuries to two limbs within the statutory schedule transfers compensation issues from the scheduled injuries calculations in K.S.A. 1999 Supp. 44-510d to the nonscheduled injury statute, K.S.A. 1999 Supp. 44-510e. The statute applicable to scheduled injuries provides:

"(a) Where disability, partial in character but permanent in quality, results from the injury, the injured employee shall be entitled to compensation provided in K.S.A. 44-510 and amendments thereto, but shall not be entitled to any other or further compensation for or during the first week . . . . Thereafter compensation shall be paid for temporary total loss of use and as provided in the following schedule. . . .

. . . .

"(21) Permanent loss of the use of a . . . hand, shoulder, arm, forearm . . . leg or lower leg . . . shall be equivalent to the loss thereof.

. . . .

"(b) Whenever the employee is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in K.S.A. 44-510 and amendments thereto, and no additional compensation shall be allowable or payable for any temporary or permanent, partial or total disability." K.S.A. 1999 Supp. 44-510d.

Thus, a scheduled injury includes compensation for the complete loss of the scheduled member and the permanent partial loss of use of the member. K.S.A. 1999 Supp. 44-510d(a)(21). With sched-

uled injuries, compensation is based on the schedule rather than based on the individual's loss in earning power. *Stephenson v. Sugar Creek Packing*, 250 Kan. 768, 771, 830 P.2d 41 (1992).

Temporary or permanent partial disabilities due to unscheduled injuries are calculated under K.S.A. 1999 Supp. 44-510e. This section defines a "[p]ermanent partial general disability" as one where the employee "is disabled in a manner which is partial in character and permanent in quality and which is not covered by the schedule in K.S.A. 44-510d and amendments thereto." K.S.A. 1999 Supp. 44-510e(a). If an injury is determined to be an unscheduled injury, it typically leads to a larger award. Kansas Workers Compensation Handbook § 11.01, p. 11-1 (rev. ed. 1990).

The parties in this case do not dispute that Pruter's injuries to her right wrist and right ankle would constitute scheduled injuries under K.S.A. 1999 Supp. 44-510d if they had occurred separately. The question is whether these injuries are to be treated differently because they happened simultaneously. The problem of determining compensation for two simultaneous scheduled injuries was first discussed in *Honn v. Elliott*, 132 Kan. 454.

In *Honn*, the employee injured both of his feet after a work-related fall. The bones in both feet were crushed, and the employee's impairment was estimated at 45 percent loss in one foot and 40 percent loss in the other. As a result of these injuries, the employee was unable to return to working on oil rigs or any work requiring him to be on his feet for long periods. The employer argued the workers compensation benefits should have been calculated based on two scheduled injuries rather than a general body disability.

In discussing the statute, the Supreme Court emphasized that the statutory schedule of injuries referred generally to single injuries—the only exception was the section covering the loss of hearing in both ears. *Honn*, 132 Kan. at 458; see K.S.A. 1999 Supp. 44-510d(a)(19). The court also noted that "[a]t no place in the schedule does it attempt to provide compensation for both members when they are in pairs, as 'both hands,' 'both feet,' 'both eyes.' " 132 Kan. at 458. The court, when construing the entirety of R.S. 1923 44-510 (1930 Supp.), determined that when an em-

ployee injures both feet, the compensation should be determined under the permanent *total* disability statute and the unscheduled permanent *partial* disability provision. 132 Kan. at 458.

The *Honn* decision turned specifically on statutory language found in the total disability benefits section. In that section, the statute specifically stated that "[l]oss of both eyes, both hands, both arms, both feet or both legs, shall, in the absence of proof to the contrary, constitute a total permanent disability." R.S. 1923 44-510(3)(a) (1930 Supp.).

The *Honn* decision is confusing. The trial court apparently calculated the employee's benefits as unscheduled permanent *partial* disability based on the actual difference between his earnings before and after the accident. The Supreme Court affirmed this award. 132 Kan. at 459. While the court specifically noted the award should have been computed based on the presumption of a total permanent disability, it then indicated benefits should be determined pursuant to section (22). That section provided: "Should the employer and employee be unable to agree upon the amount of compensation to be paid in any case of injury not covered by the schedule, the amount of compensation shall be settled according to the provisions of this act as in other cases of disagreement." R.S. 1923 44-510(3)(c)(22) (1930 Supp.). That section then continues by describing the method for calculating unscheduled permanent *partial* disability benefits.

The cases arising after *Honn* did little to clarify the court's ruling. In *Rogers v. Board of Public Utilities*, 158 Kan. 693, 149 P.2d 632 (1944), the employee suffered an injury causing two separate and distinct hernias. On appeal from the agency, the trial court concluded the employee's two hernias created a temporary total disability and was, therefore, not covered by the schedule. The trial court also found the schedule would apply only if there was one hernia, not two.

In addressing the coverage afforded to the worker in *Rogers*, the *Honn* case was never mentioned. The Supreme Court, even applying the old standard of liberally interpreting the statute in favor of the worker, concluded the language of G.S. 1935 44-510(3)(c) limited the recovery of compensation for scheduled injuries to the

schedule itself and no additional compensation was proper. 158 Kan. at 696-97. The Supreme Court specifically rejected the employee's argument that the statutory reference to "a" hernia in the schedule did not apply when a single accident caused two hernias. The court cited to G.S. 1935, 77-201(3), which indicated a singular word may be extended to several persons or things. 158 Kan. at 698. Consequently, the court found the employee was entitled to recover compensation for both hernias based on the scheduled benefits. *Rogers*, 158 Kan. at 702.

*Rogers* can be distinguished from *Honn* in the sense that two hernias are not listed in the provision stating the "[l]oss of both eyes, both hands, both arms," etc., creates a presumption of permanent total disability. R.S. 1923 44-510(3)(a) (1930 Supp.). However, *Rogers* does implicate the Court's view, contrary to statements in *Honn*, that the references to singular injuries in the schedule provision are not legally significant.

Simultaneous dual injuries were also considered in *Wammack v. Root Manufacturing Co.*, 184 Kan. 367, 336 P.2d 441 (1959). In *Wammack*, the employee permanently injured the thumbs of both hands in the same accident. The trial court awarded benefits based on two scheduled injuries, and the employee appealed. The Supreme Court discussed the 1955 version of the Act and compared *Rogers* and *Honn*. In *Wammack*, the court emphasized that *Honn* turned on R.S. 1923 44-510(3)(a) (1930 Supp.), which made compensation for dual injuries to the listed feet compensable "on the basis of total disability." 184 Kan. at 372. The court noted, however, this statute did not discuss the loss of two thumbs. *Wammack*, 184 Kan. at 372.

In *Wammack*, the Supreme Court concluded that even with dual injuries sustained in one accident, the schedule applied and the trial court's ruling was affirmed. 184 Kan. at 373. The court went on to acknowledge that there might be circumstances where payment of compensation for dual scheduled injuries might seem unjust. The court held, however, the employee's remedy was to appeal to the legislature, not the courts. 184 Kan. at 373.

The next significant case was *Hardman v. City of Iola*, 219 Kan. 840, 549 P.2d 1013 (1976). In *Hardman*, the employee injured

both hands in an accident involving electricity. The trial court held the employee suffered a permanent *total* disability and awarded benefits accordingly. On appeal, the Supreme Court held there was substantial evidence to support the finding the employee lost significant enough use of portions of both hands and these impairments made the employee incapable of obtaining employment on the open job market. 219 Kan. at 842, 846. For these reasons, they upheld the application of the presumption relied upon in *Honn* and affirmed the award for permanent total disability. 219 Kan. at 845-46; see also *Jackson v. Stevens Well Service*, 208 Kan. 637, 643, 493 P.2d 264 (1972) (two scheduled injuries coupled with an unscheduled injury and a finding the employee was totally disabled permitted an award of temporary total disability benefits rather than scheduled benefits).

None of the Board's prior orders dealing with multiple scheduled injury claims even mention *Rogers* or *Wammack* or their impact in these types of cases. Perhaps they were not called to the Board's attention. While respondents cited to these cases in their briefs to the Board, the Board did not respond to the citations.

Pruter failed to specifically address the impact of *Rogers* and *Wammack* and indicates the cases were found unpersuasive by the Board and the administrative law judge. Pruter also argues *Rogers* and *Wammack* "discussed injuries to scheduled members of the body not contained in the permanent total disability statute." This begs the question since Pruter is not seeking permanent total disability benefits. The *amicus curiae* brief contends that *Rogers* is irrelevant because it involves hernias (even though these are scheduled injuries) and that *Wammack* should be disregarded as an aberration.

The Supreme Court has recognized that when an employee sustains injuries in two different accidents—the first of which caused substantial impairment to one arm and the second caused substantial impairment to another arm—the second injury was still compensable as a scheduled injury unless the two injuries combined to result in a total permanent disability to the workman. *Crouse v. Wallace Manufacturing Co.*, 207 Kan. 826, 831, 486 P.2d 1335 (1971) (recognizing *Honn* dealt with simultaneous injuries); see

also *Rodriguez v. Henkle Drilling & Supply Co.*, 16 Kan. App. 2d 728, 828 P.2d 1335, *rev. denied* 251 Kan. 939 (1992) (injuries to knee and forearm which occurred 6 months apart not compensable as a nonscheduled whole body injury).

Up to 1984, the status of the law on this issue remained uncertain, although it appeared the Supreme Court was backing away from its ruling in *Honn*. The cases thereafter seemed to award benefits based only on scheduled injuries or permanent *total* disability. No meaningful effort was made to reconcile *Honn* with *Rogers* and *Wammack*.

However, two more recent cases seem to have revived the *Honn* ruling. The first was *Downes v. IBP, Inc.*, 10 Kan. App. 2d 39, 691 P.2d 42 (1984), *rev. denied* 236 Kan. 875 (1985). In *Downes*, this court upheld the award of permanent *partial* disability benefits based on K.S.A. 44-510e to a worker who had sustained repetitive trauma injuries to both hands and arms. 10 Kan. App. 2d at 42. The court held that *Honn* applied the presumption in what is now K.S.A. 44-510c to a case involving partial disability in parallel extremities. 10 Kan. App. 2d at 40. *Downes* extended the *Honn* rule—that simultaneous injuries to parallel members allowed for an award of permanent *partial* disability benefits—to repetitive injury cases. 10 Kan. App. 2d at 40-41.

The *Downes* rationale was adopted by the Supreme Court in *Murphy v. IBP, Inc.*, 240 Kan. 141, 727 P.2d 468 (1986). As in *Downes*, the employee in *Murphy* sustained carpal tunnel injuries in both hands and forearms. The Director of Workers Compensation awarded the claimant a 75 percent whole body disability award. The Supreme Court, relying on *Honn*, rejected the employer's arguments that the injuries should be compensated under the scheduled injury statute. 240 Kan. at 143. However, the court's ruling focused on the simultaneous injury of both of the employee's hands and arms. 240 Kan. at 145; see also *Depew v. NCR Engineering & Manufacturing*, 263 Kan. 15, 27, 947 P.2d 1 (1997) (following *Murphy*); *Stephenson*, 250 Kan. at 772 (applying *Honn* rule to repetitive injuries to both upper extremities and holding statutory provision cutting back on *Honn* in such cases to be unconstitutional).

Whatever the status of *Honn* prior to 1984, its holding was revived in *Downes* and *Murphy*, at least when both arms or both hands are involved.

The reasoning in *Honn* allowing for an award of permanent *partial* disability benefits is perplexing. There is no apparent reason to transplant the section pertaining to permanent *total* disabilities to cases involving only permanent *partial* disabilities. Moreover, in *Rogers* it was held the singular terms in the schedule statute also included the plural of those terms. However, since the statute has been interpreted in this fashion for some time and the legislature has·not seen fit to change it, the legislature is presumed to agree with the court's interpretation. *Clanton v. Estivo*, 26 Kan. App. 2d 340, 343, 988 P.2d 254 (1999).

The key language in *Honn* is still found in K.S.A. 44-510c(a)(2), with additional language. The Act still presumes the employee has sustained a *total* permanent disability if the employee loses both eyes, both feet, etc., or "any combination thereof" absent proof to the contrary. Pruter argues the addition of the "any combination thereof" language reflects legislative intent to make all multiple injury cases outside of the scheduled injury compensation scheme.

The Board's interpretation and Pruter's arguments make two assumptions in interpreting K.S.A. 44-510c. First, they assume that the "loss of" two limbs in this section equates to the "loss of use of" the two limbs. While both *Honn* and *Hardman* involved the loss of use of limbs, the amount of impairment in those cases was substantially greater than is present in this case. The employees in *Honn* and *Hardman* suffered sufficient impairment in the use of the members to equate more to the loss of the entire limbs. Moreover, the more recent cases of *Downes* and *Murphy* reflect substantial whole body awards due to the loss of both hands and arms.

In addition, the Board assumes the language of K.S.A. 44-510c that "any combination" of the losses specified equates to the combination of one leg and one arm rather than the "combination of" *both* feet and *both* arms.

All the cases applying the *Honn* rule have been limited to the loss of use of parallel limbs which resulted in significant impairment on the employee's ability to work. Pruter is not claiming she

was *totally* and permanently disabled. She is seeking permanent *partial* benefits outside the schedule. The evidence established that Pruter's injuries did not create or even come close to a permanent *total* disability. That disability requires an injury which renders the employee "completely and permanently incapable of engaging in any type of substantial and gainful employment." K.S.A. 44-510c(a)(2). Under the Board's interpretation, Pruter suffered only a 7 percent body as a whole impairment. When an employee loses the use of parallel limbs, the impact on the employee's ability to work is much more significant than if the employee loses partial use of nonparallel limbs.

Pruter and the brief of the *amicus curiae* also argue that the schedules in K.S.A. 1999 Supp. 44-510d are exceptions to the "general rule" in the Act to compensate employees for the economic loss due to work-related injuries. As the exception to the "general rule," they argue, K.S.A. 1999 Supp. 44-510d should be narrowly construed.

We find this argument to be without merit. K.S.A. 1999 Supp. 44-510d states the general rule for injuries to scheduled members and the *Honn* rule is the exception. In addition, compensation under K.S.A. 1999 Supp. 44-510e applies only if the disability "is not covered by the schedule in K.S.A. 44-510d." K.S.A. 1999 Supp. 44-510e(a). We hold the schedule section to be the general rule, not the exception. If any rule is to be narrowly construed, it must be the exception created in *Honn*.

Moreover, it makes little sense to apply the *Honn* rule in every case with simultaneous scheduled injuries. We discern no logical reason to compensate an employee who sustains a comparatively minor dual injury different from an employee who sustains the two injuries at different times. Under the Board's view, an employee who broke her ankle on day one and returned to work several days later, only to fall and break her wrist on day four, would be compensated differently from the employee sustaining both injuries in the same fall. The impact of the two injuries in both contexts are not significantly different.

The state of the law in this area is less than clear. *Honn* continues to be followed by the Supreme Court, at least in cases involving

injuries to parallel limbs. We are duty bound to follow Supreme Court precedent absent some indication the court is departing from the precedent. *Gadberry v. R.L. Polk & Co.*, 25 Kan. App. 2d 800, 808, 975 P.2d 807 (1998).

The *Honn* rule has been applied only to simultaneous injuries to parallel limbs which caused substantial impairments. The *Honn* rule being an exception to the statute, it should be narrowly construed. Since Pruter's injuries were not sustained to parallel limbs and did not create as serious impairments as in the cases applying *Honn*, we find *Honn* does not apply in this case.

We reverse the decision of the Board and remand this case for calculation of benefits based on two scheduled injuries.